**In re Henk VISSER.**

**Division Nos. 92–3 to 92–8.**

United States Court of Appeals, District of Columbia Circuit.

July 14, 1992.

**1320**

Henk Visser, pro se, was on the petitions.

Before: MacKINNON, Presiding Judge, BUTZNER and PELL, Senior Circuit Judges.

## ORDER AND JUDGMENT

The six petitions discussed herein[1] follow five earlier petitions by Henk Visser that sought to have the special division of the court appoint independent counsel to investigate the alleged misconduct of numerous state and federal officials with respect to a criminal case charging a misdemeanor filed against him in the Los Angeles, California Municipal Court in 1974. As in his five prior *pro se* applications, the allegations are generally conclusory, not factually specific and where the petition seeks appointment of an independent counsel there is no compliance with the Act which provides that only the Attorney General may make such applications to the court. Each of the prior applications for the appointment of independent counsel was denied for lack of jurisdiction.[2] The

---

1. Div. Nos. 92–3, 4, 5, 6, 7 and 8.

2. This court has responded to five separate petitions filed with the court by Henk Visser over the last four years. In each instance the court specifically determined that it had no jurisdiction. *In re Visser,* Div. No. 89–3, Order of April 8, 1991 (Petition for Writ of Mandamus and the Application for Order to Show Cause); Order of June 11, 1990 (The Attorney General had made no application to the court for the appointment

of an independent counsel); Order of Feb. 20, 1990 (The Attorney General had made no application to the Court for the appointment of an independent counsel); Order of Dec. 6, 1989 ("Petitioner's APPLICATION AND DAMAND [sic] FOR THE APPOINTMENT OF [A] SPECIAL PROSECUTOR [INDEPENDENT COUNSEL] BY WAY OF AN EXTRA–ORDINARY PETITION FOR WRIT, is dismissed for lack of jurisdiction"). *See also In re Visser v. Bush,* Div. No. 90–1, Order of Feb. 5, 1990 ("[The special

allegations in the present petitions, as in prior petitions, are convoluted and in most instances indicate an absence of any knowledge of the federal system of government of the United States or of the separate jurisdictions of our state and federal courts.[3] We have done our best to try and understand what Visser is complaining about in his many petitions and how the Special Division of the Court and the Federal Government are involved in his complaints.

## I.

■ The petition of December 14, 1991, described as a complaint, petitions the special division of the court to bring about the "Removal of Constance Dupre, Clerk" (Clerk of Court for the Court of Appeals, D.C. Circuit) for alleged *mishandling* of some of his matter delivered through the mail. The alleged "mishandling" related to his petitions seeking the appointment of an independent counsel. The petition is not supported factually and is denied for that reason and because it is beyond the jurisdiction of the special division. 28 U.S.C. § 591 *et seq.*

## II.

■ The petition of December 20, 1991 to the special division requests the "Appointment of Independent Counsel." Appended thereto is "a complaint letter of federal law of title 18, 28 U.S.C. 591(a)" naming former Attorney General Richard Thornburgh, Assistant Attorney General Gerson and the President of the United States in an alleged conspiracy to obstruct justice. The allegations are all conclusory, not factually specific and can be characterized as ramblings which make only vague reference to facts.[4] They assert that the Attorney General is disqualified under 28 U.S.C. § 144 and that he should recuse himself and the Department of Justice under 28 U.S.C. § 591(e).

The complaint that is attached is addressed to the Circuit Executive of the Court of Appeals and requests the "transfer [of] this criminal complaint on to the Attorney General, William Barr, while you forthwith remove the Clerks, while the judges pending indictment refrain to hear cases." The complaint also conclusorily alleges "the Clerks in the Circuit of the District of Columbia [sic] to be in conspiracy with certain judges to obstruct justice." Covered by the allegations are Clerks from the United States Claims Court, the Court of Appeals for the District of Columbia Circuit, one clerk in the Court of Appeals for the Federal Circuit and in the Supreme Court "Clerk Sutter with the aid of his Deputies *Vasil* and *Lorson.*" As well as clerks for the Special Division of the Court. The Circuit Executive has no jurisdiction over such "Clerks" and neither does the special division. 28 U.S.C. § 591 *et seq.*

Also named in an alleged conspiracy to violate the "judicial oath" are certain judges of the United States Claims Court, the Court of Appeals for the Federal Circuit, the Court of Appeals for the District of Columbia Circuit and the [Special] Division of the Court. The petition requests that the judges should refrain from hearing his cases. However, there is no showing that any of the judges have any personal bias or prejudice against Visser or his case, that their impartiality might reasonably be questioned, or that they would not render true and just decisions. The mere fact that a judge had ruled against Visser on prior occasions does not constitute grounds for mandatory recusal. *United States v. Sammons*, 918 F.2d 592, 598–99 (6th Cir.1990) (participation and rulings by judge in prior proceedings involving defendant are insufficient to support demand for his recusal on the ground that the judge was not impartial); *United States v. Phillips*, 664 F.2d 971, 1002–03 (5th Cir.1981), *cert. denied*, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982) ("[A] motion for recusal may not ordinarily be predicated on

division] does *not* have jurisdiction to appoint a special prosecutor when a controlling statutory requirement is not complied with.").

3. Several examples of the allegations are attached as Appendix A.

4. For example see Exhibit A.

the judge's rulings in the same or related case." (citations omitted)); *Smith v. United States,* 360 F.2d 590 (5th Cir.1966); *United States v. Sansone,* 319 F.2d 586 (2d Cir.1963).

In addition, the special division has not received any application, as required by the statute, from the Attorney General requesting the appointment of an independent counsel to investigate and prosecute such individuals or matters, 28 U.S.C. § 592(c), and thus has no jurisdiction as here requested to appoint independent counsel to investigate and prosecute clerks or other judges, 28 U.S.C. § 591 *et seq.* The Act also requires that such applications be preceded by a determination of the Attorney General that further investigation was warranted under section 592(c). This determination by the Attorney General is jurisdictional as is his application to the Division of the Court for the Appointment of Independent Counsel. Insofar as the petition seeks relief from the Circuit Executive it is beyond the authority of that office, and for reasons stated above and because the Attorney General has not applied to the court for the appointment of an independent counsel the petition is denied.

### III.

■ The petition of December 17, 1991 is entitled:

MOTION TO IMPEACH, VOID AND ANNUL IF ANY, BY ANY ATTORNEY GENERAL AFTER BENJAMIN CIVILETTI AND BENJAMIN CIVILETTI, PERTAINING A CRIMINAL COMPLAINT UNDER 28 USC 591(a), NAMING SUCH ATTORNEY GENERAL UNDER 28 USC 591(b), SUCH ATTORNEY GENERAL, OR ATTORNEY GENERALS TO NOTIFY THE DIVISION OF THE COURT PURSUANT 28 USC 592(b)(1). ISSUANCE OF SUBPOENA DUCES TECUM. EXHIBIT I.
RESUBMISSION OF APPLICATION, REWORDED, REPHRASED, AND AMENDED, PURSUANT 28 USC 592(d) ON FORMAL COMPLAINT TO ATTORNEY GENERAL UNDER 28 USC 591(a),

NAMING INDIVIDUALS UNDER 28 USC 591(b). EXHIBIT I.

This "Motion to Impeach" also seeks relief that exceeds the jurisdiction of this court. 28 U.S.C. § 591 *et seq.* These petitions represent another misguided effort by Visser to engage the special division in matters beyond its jurisdiction based on the erroneous theory that the Division of the Court is required to appoint independent counsel because Attorney General Benjamin Civiletti allegedly filed "falsified documents in order that such Court has [sic] no jurisdiction to appoint Independent Counsel." This contention is based on an erroneous interpretation of the statute to the effect that Attorney General Civiletti, upon the mere filing by Visser of conclusory and nonspecific factual allegations with the Attorney General, was required subsequently to notify the special division whether the allegations "constitute grounds to investigate." Such construction of the Act is unwarranted. The Act does not require the Attorney General to file any notice with the special division with respect to the *initial* investigation. The statute provides that he *"shall* close the matter if ... the information [filed] is not specific or not from a credible source." § 591(d)(2) (emphasis added). No notice to the special division is then required. *See* further discussion *infra* at V.

■ In addition neither the special division nor independent counsel have any authority to impeach anyone. If the independent counsel receives information that may constitute grounds for impeachment, he is to advise the House of Representatives. 28 U.S.C. § 595(c).

Subsequent allegations as to a "Federal True Bill [that] had only State misdemeanors" are incomprehensible as is Visser's effort to combine a 1974 demurrer to a misdemeanor complaint in Municipal Court in Los Angeles, *State v. Visser, see infra* at VII, with his conclusory allegations that said demurrer is linked to some unidentified "Federal True Bill." The motion is denied.

IV.

■ The petition of December 21, 1991 is entitled a Formal Complaint under 28 U.S.C. § 595 "Re: Appointment of Independent Counsel." In it, Visser moves the "court by way of United States Attorney General, William Barr" to appoint independent counsel under the authority of 28 U.S.C. § 595 alleging that members of Congress, the President, the Director of the FBI, state judges, and federal judges are in a conspiracy to obstruct justice.

Applicant Henk Visser moves this Court by way of the United States Attorney General, William Barr to appoint Independent Counsel *under the authority of 28 USC 595,* [5] naming Members of Congress to be in a conspiracy to Obstruct Justice, use the Federal Bench and allow appointed [sic] by the President of the United States, in a conspiracy with the Department of Justice, and the Director of the FBI, State Judges and Individuals prepared to conceal that the Department of Justice with the Senate Judiciary grant [sic] bribed individuals a position as a Federal Judge or Federal Magistrate, if they were willing to join that conspiracy to cover-up that the Department by way of a demurrer bribed a judge to tamper with a jury verdict, and then alter and falsify Government, and Court records, concealing others bribing a Federal Judge, Manuel Real and his Magistrates, Ralph Geffen and John Kronenberg. Federal felonies under 18 USC 1001, 18 USC 1506, 18 USC 2071, in a criminal conspiracy that Obstructs Justice, 18 USC 1958, a 4–count Felony under Title 18.... *oversight of Congress* [sic]....

Petition, pp. 1–2 (emphasis added). Visser's complaint apparently is that Congress, and particularly the Senate, is not properly exercising its *"oversight"* authority, conferred by § 595, contrary to "their oath to [sic] office, in violation of United States Constitution and the due process of Congress as the government institutional of the people of the United States." Visser has no standing to petition the special division in the name of the Attorney General and the court is without jurisdiction to appoint independent counsel in the absence of an application by the Attorney General. *In re Kaminski,* 960 F.2d 1062, 1063 (D.C.Cir. 1992). The petition is denied.

V.

■ The petition of January 13, 1992 is an "APPLICATION FOR ORDER PURSUANT TO 28 USC 594(h)(2)." This requests that the special division order "that the *notifications* of the Attorney General [that Visser's factual allegations did not justify further investigation] be released to Henk Visser, in order to determine if really this court fails to have jurisdiction as it claims." (Emphasis added).

This petition is based on an erroneous construction of the statute in which Visser contends that the Attorney General, in response to the allegations that Visser apparently mailed to the Attorney General, is required under the statute, § 592(b)(1), to "notify" the special division that he determined there were no reasonable grounds to believe that further investigation was warranted. Such notification, however, is only required if the Attorney General so concludes with respect to the *second* preliminary investigation provided for by the statute. No *notification* is required with respect to the *initial* (first) investigation which the Attorney General makes pursuant to section 591(a) to determine if he has received "information sufficient to constitute grounds to investigate." *See* III, *supra.* The special division pointed out this distinction in *In re INSLAW,* 885 F.2d 880 (D.C.Cir.1989):

The statute contemplates a two step investigatory procedure. First, as prescribed by § 591(d)(2), the Attorney General determines "whether grounds to investigate exist" and if not, he *"shall close the matter."* Second, if he finds

---

**5.** 28 U.S.C. § 595 provides that Congress shall have oversight jurisdiction over "the conduct of any independent counsel appointed under the [Act]." This does not authorize the Attorney General to appoint independent counsel under the Act to investigate and prosecute "members of Congress" for neglect of their "oversight" jurisdiction.

that sufficient grounds do exist for further investigation, he "shall ... commence a preliminary investigation." *Id.* [Following the second investigation t]he Attorney General then determines whether to request appointment of an independent counsel.

885 F.2d at 881 (emphasis added).

The special division also held to the same effect with respect to substantially the same contention by Visser in its Order of December 6, 1989 in *In re Visser,* Div. No. 89–3. In that Order the Court stated:

It appears from the record that Petitioner addressed letters to the Attorney General on September 6 and 7, 1989 setting forth certain facts allegedly in support of his "DAMAND [sic] FOR THE APPOINTMENT OF THE SPECIAL PROSECUTOR," and that more than the "15 day period" specified by 28 U.S.C. § 591(d)(2) has elapsed without the Attorney General notifying the division of the court of "the commencement of [a] preliminary investigation," 28 U.S.C. § 592(a)(1). It may thus be concluded that he has "closed the matter," 28 U.S.C. § 591(d)(2), as the statute provides. *Id.* In any event, the Attorney General has not applied to the Division of the Court for the appointment of an independent counsel in the matter as 28 U.S.C. § 591(b) requires if one is to be appointed.

*Id.* at 3.

It is obvious from the provisions of the statute and the failure of the Attorney General to commence the second investigation that he found "the information [submitted to be] ... not specific or ... not from a credible source" under § 591(d)(2) and *"close[d] the matter"* after the initial investigation. We see no error in such determination. Accordingly, since the Act does not require any notice to be given in such circumstances, and since Visser's petition in this respect has been previously litigated and decided adversely to him, the petition is denied.

## VI.

■ The petition of February 14, 1992 is entitled an "APPLICATION TO APPOINT INDEPENDENT COUNSEL." As we held in *In re Kaminski, supra,* at 1062, a private citizen, such as Visser, has no standing to seek such relief, absent a request by the Attorney General.

Visser here contends that when the statute provides that *"Any* application for the appointment of independent counsel under this chapter shall contain sufficient information to assist the division of the court," § 592(d) (emphasis added), it means that the application can come from *"any"* person. Such interpretation is not warranted. "Any" only refers to applications for the appointment of independent counsels that are authorized by the Act. Applications by private persons, such as Visser, are not so authorized. The petition is denied.

## VII.

Visser's eleven (11) *pro se* petitions have tried the patience of the court. The allegations and the underlying legal theories are difficult, if not impossible, to understand and to the extent that one can make them out, are all fallacious and indicate almost a complete lack of knowledge of the judicial systems in the United States and the structure of the United States Government. The suggested interpretations of the Act to the extent that we can make them out are also erroneous.

Practically all of Visser's complaints relate to a demurrer filed in the Municipal Court of Los Angeles Judicial District, County of Los Angeles, State of California in *State of California v. Henk Visser,* No. 31472630. This demurrer was dated March 8, 1974 and was signed by "Marvin Zinman, Attorney for Defendant." The document indicates it was filed on November 1, 1974 in California State Municipal Court. Copy of the Demurrer is attached hereto as Appendix B.

We believe we have done as well in trying to interpret Visser's petitions as any one could given the difficulties of attempting to understand the convoluted allega-

tions of the petitions and the legal theories he attempts to articulate. We have exhaustively scrutinized every complaint he has attempted to make. We find that each petition is lacking in merit and calls for the exercise by the special division of jurisdiction with which it is not vested and is otherwise legally deficient for reasons above stated. The Supreme Court has also twice denied his petitions for writs of mandamus.[6] An examination of these two petitions, for mandamus to the California Superior Court, Appellate Department, and to the United States Court of Appeals for the Ninth Circuit, discloses that the allegations therein were substantially the same as the circumstances of which he complains in the various petitions filed with this court. There is one addition. He raises the additional issue of compliance with the "Iraqi Constitution." *In re: Henk Visser*, No. 90–6490, U.S.Sup.Ct., Dec. 10, 1990, p. 7.

### Conclusion

Upon consideration of the pending petitions, motions and applications and upon all the files and records herein, it is

ORDERED, by the court, that each said petition, motion and application referred to above is denied on the merits with prejudice and dismissed for lack of jurisdiction, and it is

ORDERED, by the court, that Henk Visser is hereby prohibited, without the prior permission of the special division, from filing any further pleading with the court that is in any way related to his prior petitions or in any way arising out of or related to his 1974 misdemeanor case in the Los Angeles, California Municipal Court.

*Judgment accordingly.*

### APPENDIX A

From Petition of February 14, 1992:

Let's assume that the demurrer could be sustained, that petitioner like Bonner in Milwaukee, killed, raped the corpses, cut out parts to freeze-dry them, cooked other parts of the body, like the penis, the testicles, and strung the other gonads as "Indian-balls" around his neck as a necklace; boiled the eyes, chopped them up with onions, paprika, and mushrooms, and served himself a gourmet dinner, while emptying the stomach, with some french dressing, that would serve his entree, in all seriousness where in the fuck can a bribed judge in a plot with the Respondent, having bribed counsel to sustain a false demurrer proceed with an insanity trial without the proper authorities like a psychiatrist as mandatory in the State of California and cite the Pc. 1369(a) ... in that the Court shall appoint a psychiatrist or licensed psychologist, and any other expert the Court may deem appropriate to examine the defendant.

\*     \*     \*     \*     \*     \*

In all the Respondent, as an accessory after the fact, 18 USC 3, to Kleindienst, Benjamin Civiletti, Smith, Meese, Thornburgh, and Barr, are caught with corruption and fraud to have tainted a trial, have bribed a judge to alter the plea of not guilty to a plea of guilty by way of insanity; to have formed a conspiracy to bribe additional judges, all the way to the California Supreme Court, then Justice Rose Bird, on to acting Chief Justice Broussard, on to all Federal Courts, the US. District Court, the US. Court of Appeals for the Ninth Circuit, on to the Claims Court, to the US. Court of Appeals, for the Federal Circuit, and the District of Columbia, to the Chief Justice William Rehnquist, who with his associated Justices refused to entertain original actions under the United States Constitution, his Supreme Court Rule 17, and Article III of the United States Constitution as well as pursuant 28 USC 1251, as it now appears that the Ambassadors, Consuls, Ministers of the Kingdom of the Netherlands to which petitioner is a citizen, that these Dutch Officers have joined the conspiracy of the United

---

**6.** *In re Henk Visser*, —— U.S. ——, 111 S.Ct. 1093, 112 L.Ed.2d 1198 (1991) (petition for writ of mandamus denied); *In re Henk Visser*, —— U.S. ——, 111 S.Ct. 374, 112 L.Ed.2d 336 (1990) (petition for writ of mandamus denied).

States and Respondent to have petitioner kidnaped, forced into unvoluntary servitude, by false imprisonment, and made petitioner a Political Prisoner for years.

\* \* \* \* \* \*

This Court get itself some "cosher" judges who will hold the Respondent in Contempt of Court, incarcerate the Respondent until he produces concealed records which is the True Bill, and its transcript of that Federal Grand Jury that returned in secret procedures that True Bill. With the Respondent ought to be arrested, counsel who entered a forgery, a demurrer in violation of 18 USC 1001.

From Petition of December 17, 1991:

SWIFTLY now after 10½ years of trying from the Attorney General to admit that he was caught with his "pants down" by a layman; as a layman, party being damaged, could not be offered a bribe not a US. Citizen, and so could not be offered a position in the State-of Federal Judicial system like Harvey Schneider, Arthur Alarcon, et al., (having now set in several assassination attempts to silence this layman, applicant) could upon the US. Attorney General, being "Loyal" to his conspiracy and to those that he bribed, now upon discovery, run over to the Division of Court, and indict those who aided his office since 1974 to conceal this corruption.....did applicant, the Attorney General in default at this Division of Court, as said swiftly without problems have Independent Counsel appointed;

\* \* \* \* \* \*

We are now, two (2) years further, and we now have a "Peon" a *Per Curiam* for the Court (if that is permissable) again the Clerk Constance L. Dupre, who starts for the Presiding Senior Circuit Judge MacKinnon, with judges Butzner and Pell taint, disrupt the process under 28 USC 592(d) in such a way that she "manipulates" a Coram Non Judice, pretended process to fabricate an Order which is not reviewable by Certiorari, in fact a falsification under 18 USC 1001 trying to avoid the the mandatory process of the US. Attorney General to be in default, and obviously because he is the instigator, and who is now not about the ones he granted a bribe with the President, and appoint them Federal judges, now turn around when the Attorney General is caught in this corruption with his President, and run over to the Division and Court and become a "STOOL–PIGEON," and hang his own conspiracy....so the Attorney General, as an accessory after the Fact, Richard Thornburgh resigns, and counts that the clerk Constance L. Dupre can hold the fortress the Department of Justice with the FBI and the Presidents have been able with the Senate to conceal for some 17 years.

APPENDIX B

MARVIN ZINMAN

315 West Ninth Street

Los Angeles California 90015

622–0701

Attorney for Defendant

Filed November 1, 1974

THE PEOPLE OF THE STATE OF CALIFORNIA, PLAINTIFF

v.

HENK VISSER, DEFENDANT

NOTICE OF HEARING ON DEMURRER AND DEMURRER

TO THE PEOPLE OF THE STATE OF CALIFORNIA AND THE LOS ANGELES CITY ATTORNEY, THEIR ATTORNEY:

PLEASE TAKE NOTICE that a demurrer to each of the counts of the complaint herein on the ground that the same failed to state a public offense will be heard on April 22, 1974, at the hour of 8:30 A.M., or as soon thereafter as the matter my be heard, in Dicision 40 of the Los Angeles Municipal Court, Criminal Courts Building,

210 West Temple Street, Los Angeles, California.

DATED: March 8, 1974

MARVIN ZINMAN
Attorney for Defendant