**In re MADISON GUARANTY SAVINGS & LOAN ASSOCIATION.**

**Division No. 94–1.**

United States Court of Appeals, District of Columbia Circuit.

March 18, 1999.

Before SENTELLE, Presiding Judge, FAY and CUDAHY, Senior Circuit Judges.

### *ORDER*

PER CURIAM:

Upon consideration of Landmark Legal Foundation's Application for Judicial Notice and Writ of Prohibition, filed with this Court on February 11, 1999, it is hereby

**ORDERED** that the application be dismissed for the reasons set forth in the accompanying opinion.

Division for the Purpose of Appointing Independent Counsels Ethics in Government Act of 1978, As Amended.

Opinion of the Special Court filed PER CURIAM.

### ON APPLICATION FOR JUDICIAL NOTICE AND WRIT OF PROHIBITION

PER CURIAM.

Landmark Legal Foundation ("Landmark") has filed with this Court an "application" requesting that we take judicial notice of a recent newspaper article reporting that the United States Department of Justice ("DOJ") is to begin an investigation of the office of Independent Counsel ("IC") Kenneth W. Starr, and that we issue a writ directing DOJ to cease its investigation. For reasons set forth below, we dismiss the application.

### DISCUSSION

On August 5, 1994 this Court, pursuant to Section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1994) ("Act"), appointed Kenneth W. Starr as Independent Counsel to investigate, *inter alia,* President William Jefferson Clinton's relationship with certain business entities in the State of Arkansas. Thereafter, in early 1998, IC Starr received information that Monica Lewinsky, a former White House employee, was attempting to influence the testimony of a witness in a sexual harassment lawsuit brought against the President, and that Ms. Lewinsky herself was allegedly prepared to lie under oath in that lawsuit. Further, IC Starr was informed that Ms. Lewinsky had spoken to the President about her testimony. After testing the reliability of this information, IC Starr presented it to Attorney General Janet Reno, who requested that the Special Division, pursuant to Section 593(c)(1) of the Act, expand Starr's jurisdiction to investigate the matter. Consequently, on January 16, 1998, we expanded IC Starr's jurisdiction to investigate whether any federal laws were broken on the part of Ms. Lewinsky or others concerning testimony in the sexual harassment case. After investigating the matter, IC Starr, pursuant to Section 595(c) of the Act, submitted to the Congress "substantial and credible information that President William Jefferson Clinton committed acts that may constitute grounds for impeachment." *Referral to the United States House of Representatives Pursuant to Title 28, United States code, § 595(c),* at 1, 5–6 (Sept. 9, 1998). Shortly thereafter, President Clinton was impeached by the House of Representatives and subsequently acquitted by the Senate.

Subsequently, reports surfaced in the news media that the U.S. Department of Justice was to begin an investigation of

alleged irregularities on the part of IC Starr and his staff concerning (1) the initial information regarding the Lewinsky matter presented to IC Starr, (2) his seeking of permission to investigate the information, and (3) his conduct during that investigation. Based upon these reports, Landmark, a self-described "national public interest law firm," filed a motion with this Court requesting that we "take judicial notice of [a newspaper article on the Department of Justice investigation] and issue a Writ of Prohibition instructing the Attorney General to cease any investigation of Independent Counsel Kenneth Starr and his staff." Landmark Legal Foundation's Application for Judicial Notice and Writ of Prohibition at 1 (Feb. 11, 1999) ("Landmark Motion").

Upon receipt of Landmark's motion, we forwarded it to the Independent Counsel and the Department of Justice for their responses. Both the Department of Justice and the Independent Counsel assert that we are without power to act on the Landmark petition, though on different rationales. Each defends the strength of its own rationale while omitting or rejecting the rationale of the other. Both are correct rationales. We have no jurisdiction.

The courts of the United States are courts of limited jurisdiction, capable of acting only within those areas ceded to them by federal law pursuant to Article III of the United States Constitution. *See, e.g., Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). Judicial precedent establishing the framework for determining whether a particular controversy is within the jurisdiction of the court has established several doctrines "by which we test the fitness of controversies for judicial resolution." *Louisiana Environmental Action Network v. Browner*, 87 F.3d 1379, 1382 (D.C.Cir.1996). In order to establish standing, an applicant for relief in a federal court must satisfy three minimum requirements: (1) that it has suffered a concrete and actual or imminent injury in fact; (2) that the injury was

caused by the conduct complained of; and (3) that the injury will be redressed by a decision favorable to it. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). With respect to element number (1), a party seeking to invoke the jurisdiction of the court must show that he has "suffered a distinct and palpable injury to himself." *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 100, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979) (internal quotation marks and citation omitted). The filing of Landmark alleges no such injury. Although it describes itself as a "law firm," Landmark did not file its motion on behalf of any client, nor does it attempt to show that the firm itself has been injured. Indeed, Landmark states that it is presenting its motion "independently and in furtherance of its mission to advance the public interest in the fair administration of justice," and complains only that DOJ's conduct "seeks to frustrate, hamper and impede the independent counsel's investigation." Landmark Motion at 1 n. 1, 4. We find nothing in Landmark's motion that could even remotely be considered an injury to itself. As Landmark wholly fails to carry its burden to satisfy element number (1), we need not address elements (2) and (3).

Our conclusion that Landmark has no standing is supported and underscored by the fact that the Ethics in Government Act, creating both the Office of Independent Counsel and this panel, provides no private cause of action. Although we have not had this question in precisely this context, this court and others have in analogous situations consistently found no congressional intent to create such a cause and have therefore dismissed creative attempts to fashion one. For example, we have rejected applications from private citizens for appointment of an independent counsel. *E.g., In re Visser*, 968 F.2d 1319, 1324 (D.C.Cir.1992); *In re Kaminski*, 960 F.2d 1062, 1063–64 (D.C.Cir.1992). Similarly, we have rejected a private citizen's application to compel the Attorney General

to conduct a preliminary investigation or to apply to the court for appointment of an Independent Counsel. *In re INSLAW, Inc.*, 885 F.2d 880, 882–84 (D.C.Cir.1989); *see also Dellums v. Smith,* 797 F.2d 817, 823 (9th Cir.1986) ("Because ... Congress intended to preclude review at the behest of private citizens.... Congress did not intend to create procedural rights in private citizens sufficient to support standing to sue."); *Nathan v. Smith,* 737 F.2d 1069, 1080 (D.C.Cir.1984) (Bork, J., concurring) ("[T]he Act establishes no mechanism for considering citizen complaints ... [T]he text contains nothing that even suggests a private cause of action.").

▆▆ Landmark attempts to circumvent the lack of a private cause of action and a concomitant failure of standing by asserting its motion under Federal Rules of Evidence 201, Judicial Notice of Adjudicative Facts, and 803, Hearsay Exceptions. This is a novel use of the rules, which we think was never conceived of by Congress or the courts. Rule 101, Scope, states that "[t]hese rules govern proceedings in the courts of the United States," i.e., proceedings already commenced. Here Landmark is, in effect, seeking to use the rules to *initiate* a proceeding. We know of no authority, and indeed perceive no logic, that would support the proposition that the Rules of Evidence create any cause of action or ever provide standing. We thus hold that the lack of standing as asserted by the Independent Counsel is a sufficient ground for the dismissal of Landmark's application.

▆▆ The Department of Justice, while agreeing with the Independent Counsel that we have no authority to grant the relief Landmark prays, does not address the standing question. While we agree that the Justice Department's alternate ground for dismissal is equally valid, insofar as the Department implies that standing is not a necessity before the panel because this is not a "judicial proceeding," we cannot accept its implication. Although *Morrison v. Olson,* 487 U.S. 654, 108 S.Ct.

2597, 101 L.Ed.2d 569 (1988), upheld as constitutional the exercise by this panel of a power arising from the Appointments Clause of Article II of the Constitution, U.S. Const., Art. II, § 2, we nonetheless are Article III judges. Indeed, it was the very fact that the limited duties imposed upon the Court by the statute did not run afoul of our Article III nature that led the Supreme Court to uphold the Ethics in Government Act as not violative of the principle of Separation of Powers. We therefore hold that citizens who would invoke the authority of the panel must meet the minimum constitutional requirements for invoking that jurisdiction, including standing. Landmark has not made that necessary showing.

The Independent Counsel would have us stop there and not reach the independent ground asserted by the Department of Justice, which of course we could do since the single ground already determined is sufficient to dispose of the case. The Independent Counsel asserts that because Landmark lacks standing to bring its motion, we should leave other questions for another day. This is a valid proposition, and one that we would certainly follow were the asserted ground a ground addressing the merits of the controversy as opposed to our jurisdiction. However, although the Department's response discusses merits questions, narrowly viewed it raises a jurisdictional question equally as much a threshold issue as that raised by the Independent Counsel. That is, the Department asserts that we have no jurisdiction because "the Special Division has *no* authority to take any action or undertake any duties that are not specifically authorized by the [Ethics in Government] Act." *Morrison v. Olson,* 487 U.S. at 684, 108 S.Ct. 2597.

▆▆ While we need not discuss this second jurisdictional ground, having found the one asserted by the Independent Counsel to be sufficient, unlike a merits argument, we are free to do so. As the

Supreme Court has noted, it is not proper for federal courts to proceed immediately to a merits question despite jurisdictional objections. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998) (without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit). But there is no hierarchy of jurisdictional questions, so that "we have no difficulty dismissing a case on one jurisdictional bar rather than another." *Louisiana Environmental Action Network v. Browner,* 87 F.3d 1379, 1384 (D.C.Cir.1996). While this means that a court may choose which one of several jurisdictional deficiencies it wishes to rely upon in dismissing a case, absent some circumstance in which one ground is logically anterior to another, it also means that there is no bar to our asserting an alternate ground where both deficiencies are jurisdictional.

■ As we noted above, federal courts being courts of limited jurisdiction, we cannot exercise authority over matters not ceded to us by federal law. As the Department of Justice reminds us, the source of law governing the Special Division is the Ethics in Government Act. That Act enumerates our limited powers. The enumeration does not include the relief prayed by Landmark in the present application. The Special Division has "no power to review ... any of the actions of the Attorney General with regard to the [independent] counsel." *Morrison v. Olson,* 487 U.S. at 683, 108 S.Ct. 2597.

## CONCLUSION

For the reasons set forth above, we hold that we lack jurisdiction to entertain the application of Landmark Legal Foundation. We therefore dismiss the application.