**In re Wallace J. KAMINSKI.**

**Division No. 92–1.**

United States Court of Appeals,
District of Columbia Circuit.

April 10, 1992.

Wallace J. Kaminski, pro se, was on the Application for Appointment of An Independent Counsel/Special Prosecutor.

Before: MacKINNON, Presiding, BUTZNER and PELL, Senior Circuit Judges.

Opinion for the Court filed PER CURIAM.

I.

PER CURIAM:

■ As a private citizen, Wallace J. Kaminski sues the special division *pro se* to compel it, on his application, to appoint an independent counsel to receive evidence he allegedly possesses of misconduct by federal judges and to "act accordingly [and] to prosecute." However, the Ethics in Government Act, 28 U.S.C. §§ 591–599 (the "Act"), does *not* provide for the appointment of independent counsel to prosecute members of the judiciary nor does it confer standing on private citizens to sue the special division to compel it to appoint independent counsels. The Act provides that it is the

> Attorney General [who] shall apply to the division of the court for the appointment of an independent counsel if [certain conditions are satisfied].

28 U.S.C. § 592(c).

Kaminski thus is not authorized by the Act to apply to the special division for the appointment of an independent counsel. Moreover, his petition does not purport to satisfy any of the statutory conditions. Instead, his application ignores the Act (28 U.S.C. §§ 591–599) and contends:

> The plain language of the law in Title 28, *United States Code*, section 49, gives the special division of the above-named court [District of Columbia Circuit] the unqualified authority to appoint an independent counsel.

This contention misreads the Act. Section 49 of the United States Code, upon which petitioner claims reliance, is entitled "Assignment of judges to division to appoint independent counsels." The relevant provi-

sions of section 49 are set forth in the margin.[1] A plain reading of 28 U.S.C. § 49 indicates that it does *not* confer any *authority* upon the special division to appoint independent counsel. It merely provides, as its placement in title 28, "Part 1—*Organization* of Courts" (emphasis added) indicates, for the *organization* of the special division of the court that is authorized by subsequent provisions of the Act, on *proper application,* to appoint independent counsel.

The statutory provision that does grant *authority* to the special division to appoint independent counsels is 28 U.S.C. § 593(b). Subsection (1) of section 593(b) represents the Congressional grant of authority and jurisdiction to appoint independent counsel and prescribes conditions under which that authority may be exercised:

### (b) *Appointment* and Jurisdiction of Independent Counsel.

(1) **Authority.**—Upon receipt of an application under section 592(c) [by the Attorney General], the division of the court shall appoint an appropriate independent counsel and shall define that independent counsel's prosecutorial jurisdiction.

28 U.S.C. § 593(b)(1) (emphasis added). This provision clearly *preconditions* the special division's authority to appoint independent counsel upon the "receipt of an application under section 592(c)." *Id.*

Section 592(c) authorizes the Attorney General to make an application to the special division for appointment of independent counsel after complying with several requirements that include provisions designed to protect subjects of such investigations. Though § 592(g) provides a mechanism for Congressional request for independent counsel (under certain conditions Congress "may request in writing that the *Attorney General apply* for the appointment of an independent counsel," 28 U.S.C. § 592(g) (emphasis added)), it remains the province of the Attorney General to make the actual request and, moreover, to determine if such a request is warranted. *Id.*

In prior cases this division has held that it was without jurisdiction to act where the Attorney General had not applied for appointment of independent counsel:

> The request is denied for the reason that the Attorney General has not applied to the Division of the court for the appointment of an independent counsel to investigate the matter as is required by the Act. Therefore, the court has no jurisdiction in the matter.

*In re INSLAW,* 885 F.2d 880 (D.C.Cir. 1989). *See also In re Hairston and Goins,* Div. No. 90–4, Order of Nov. 8, 1990 ("application is denied for the reason that the court has not received an application by the Attorney General, as required by 28 U.S.C. § 592(c)"); *In re Visser,* Div. No. 89–3,

---

1. 28 U.S.C. § 49 provides:

§ 49. **Assignment of judges to division to appoint independent counsels**

(a) Beginning with the two-year period commencing on the date of the enactment of this section, three judges or justices shall be assigned for each successive two-year period to a division of the United States Court of Appeals for the District of Columbia to be the division of the court for the purpose of appointing independent counsels. The Clerk of the United States Court of Appeals for the District of Columbia Circuit shall serve as the clerk of such division of the court and shall provide such services as are needed by such division of the court.

\* \* \* \* \* \*

(d) The Chief Justice of the United States shall designate and assign three circuit court judges or justices, one of whom shall be a judge of the United States Court of Appeals for the District of Columbia, to such division

of the court. Not more than one judge or justice or senior or retired judge or justice may be named to such division from a particular court.

Section 49 is codified in chapter 3 of title 28, "Part 1. Organization of Courts," separately from the operative provisions of the "Independent Counsel" codification set forth in chapter 40, §§ 591–599. This separate codification does not indicate any change in intent. Rather, it underscores section 49 as an *organizational* section. Section 49 and Chapter 40 of title 28, "Independent Counsel" §§ 591–599 were integrated parts of the original Act. 92 Stat. 1867. Section 49 was included as section 602 of the original Act following section 601 (sections 591 to 599 of title 28) of the Act approved on October 26, 1978 (92 Stat. 1867, 1885). Section 49 and sections 591 to 599 inclusive, are in *pari materia.* Subsequent amendments to section 49 make no substantive change (96 Stat. 2039, 100 Stat. 3097, 101 Stat. 1307).

Order of Feb. 5, 1990 (the Special Division held it had "no jurisdiction to appoint a Special Prosecutor without an 'application for the appointment of an independent counsel' by the Attorney General"); *In re Visser*, Div. No. 89–3, Order of Dec. 6, 1989 (the court held that neither the Special Division nor a private citizen had the power to compel the Attorney General to investigate allegations and apply for appointment of independent counsel); *In re Gallo*, Div. No. 89–1, Order of May 17, 1989 (holding that, because the Attorney General had not requested such appointment, the court lacked jurisdiction to appoint an independent counsel to investigate a private citizen's petition alleging that President Bush and others conspired to violate his civil rights and commit other criminal acts).

## II.

Other courts have reached the same conclusion. The Ninth Circuit in *Dellums v. Smith*, 797 F.2d 817 (9th Cir.1986), held that the Ethics Act is barren of any evidence that Congress intended to create procedural rights in members of the public to have their allegations investigated. 797 F.2d at 821. In support thereof the court remarked:

> Because we conclude that Congress intended to preclude review at the behest of private citizens, we necessarily also conclude that *Congress did not intend to create procedural rights in private citizens sufficient to support standing to sue.*

797 F.2d at 823 (emphasis added).

The District of Columbia Circuit reached the same conclusion in *Nathan v. Smith*, 737 F.2d 1069, 1077 (D.C.Cir.1984), i.e.:

> [T]he [Ethics] Act establishes no mechanism for considering citizen complaints, nor does the Act require the Attorney General to make his findings public or to report them to a complaining citizen. *The text contains nothing that even suggests a private cause of action.*

737 F.2d at 1080 (Bork, J. concurring) (emphasis added).

These decisions are in accord with basic Supreme Court decisions: *United States v.*
*Nixon*, 418 U.S. 683, 693, 94 S.Ct. 3090, 3100, 41 L.Ed.2d 1039 (1974) ("the executive branch has exclusive authority and absolute discretion to decide whether to prosecute a case"), citing the *Confiscation Cases*, 74 U.S. (7 Wall.) 454, 19 L.Ed. 196 (1869) and *Linda R.S. v. Richard D.*, 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) ("a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution ..."). *See also United States v. Cox*, 342 F.2d 167, (2d Cir.) *cert. denied*, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965) (per curiam) (the United States Attorney could not be required to draft or sign an indictment upon the request of a grand jury). These cases demonstrate that, *"in American jurisprudence, at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D.*, 410 U.S. at 619, 93 S.Ct. at 1149.

■ It follows that the Ethics in Government Act does not provide an open door for private citizens to compel the investigation and prosecution of alleged violations of federal law by direct application to the special division to appoint independent counsel for that purpose.

## III.

Since the first version of the Act was passed in 1978, there has been no provision for private citizens to apply to the special division for appointment of independent counsel. *See* 92 Stat. 1868–69 (1978); 96 Stat. 2040–41 (1983). The principal protective feature of the Act is the requirement that the Attorney General conduct a *preliminary investigation* of the matter *before* determining whether to apply for appointment of independent counsel. 28 U.S.C. § 592. The Act also provides that the determination to appoint independent counsel by the Attorney General, who has statutory authority to apply for such appointment, "shall not be reviewable in any

court."[2] These provisions emphasize the *exclusivity* of the Attorney General's authority. From this it follows that no court has jurisdiction to appoint independent counsel on an application by a private citizen who is not authorized by the Act.

## IV. Conclusion

It is thus clear, from both the plain language of the Act, the cases interpreting the Act and the stated intent of Congress in drafting the Act, that Kaminski has no standing to sue to compel the appointment of an independent counsel and that, absent an application by the Attorney General, the special division is without jurisdiction to address the matter presented by the Application of Wallace J. Kaminski.[3] His petition is therefore denied.

*Judgment accordingly.*

**2.** 28 U.S.C. § 592(f) provides:

> **Limitation on judicial review.**—The Attorney General's determination under this chapter to apply to the division of the court for the appointment of an independent counsel shall not be reviewable in any court.

**3.** The petitioner obtained entry to the chambers of the presiding judge after stating his name but not his business. The judge concluded he might be the son of a Kaminski he had played football with at the University of Minnesota and allowed his entry. Upon entering chambers, petitioner indicated he was not such son and immediately started expounding his theory that section 49 of title 28, United States Code was a naked grant of authority to the Special Division to appoint an independent counsel on request of a private citizen without an application by the Attorney General. He was informed that the special division had never appointed an independent counsel without an application by the Attorney General and that since his complaint was primarily directed at an alleged improper activity in the judiciary that the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980, 28 U.S.C. § 372(c), was available to him to present his principal complaint. He indicated he was aware of that statute but chose not to use it. He now asserts that his conversation with the judge was "an *ex parte* communication with him on this matter" and, without more, requests said judge to "disqualify himself and a new judge be assigned." The judge's response to Kaminski cannot be characterized as a disqualifying *ex parte* communication. No facts are even alleged that might lead a reasonable person to question the judge's impartiality. The judge expressed no opinion, only informed Kaminski of his right under the Judicial Conduct Act and what had been the prior action of the division. The conversation was not *ex parte*, Kaminski instigated the conversation, no petition had been filed and nothing was pending before the court. *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir.1988) ("A judge should disqualify himself only if a reasonable person would question his impartiality, or if he has a personal bias against a party."); *Davis v. Board of School Commissioners*, 517 F.2d 1044, 1052 (5th Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976); *Union Carbide Corp. v. U.S. Cutting Service, Inc.*, 782 F.2d 710, 715 (7th Cir.1986); 28 U.S.C. § 455. A judge should not recuse himself based upon conclusory, unsupported or tenuous allegations. *Giles*, 853 F.2d at 878; *United States v. Greenough*, 782 F.2d 1556, 1558–59 (11th Cir.1986). For lack of merit the recusal request is denied.