101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Bart SCHWARTZ, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF JUSTICE, UNITED STATES ATTORNEY, David
Meister, Nordstrom, Inc., Allen G. Reiter,
Defendants-Appellees.
 No. 95-6405.
 United States Court of Appeals, Second Circuit.
 May 21, 1996.
 
 APPEARING FOR APPELLANT: Bart Schwartz, pro se, New York, NY.
 APPEARING FOR APPELLEE UNITED STATES: Daniel S. Alter, Assistant United States Attorney for the Southern District of New York, New York, NY.
 APPEARING FOR APPELLEE ALLEN G. REITER and NORDSTROM, INC: Allen G. Reiter, New York, NY.
 S.D.N.Y.
 AFFIRMED.
 Present: MESKILL, CARDAMONE, MINER, Circuit Judges.
 This cause came to be heard on the transcript of record and was argued.
 Plaintiff-appellant Bart Schwartz appeals pro se from a judgment of the United States District Court for the Southern District of New York (Wood, J.) dismissing his amended complaint for failure to state a claim and denying his motion for appointment of an independent counsel.
 
 
 1
 In September of 1991, Schwartz brought an action against Capital Liquidators, Inc. ("Capital") for breach of contract, fraud, and conversion. Schwartz sought $5 million in total damages, including $500,000 on the contract claim. At trial, Schwartz perjuriously testified that, on September 19, 1986, he had mailed a letter to Capital that constituted the contract between himself and Capital. The jury subsequently found that, while a contract existed between Schwartz and Capital, Capital did not breach the contract. Thereafter, in December of 1991, Schwartz was indicted for perjury. A year later, following a jury trial, Schwartz was convicted on six counts of perjury.
 
 
 2
 On February 24, 1994, Schwartz brought an action against the "United States Justice Department United States Attorney" and Assistant United States Attorney David Meister--the United States Attorney who prosecuted Schwartz' perjury case (the "federal defendants"). The federal defendants moved to dismiss Schwartz' complaint under Fed.R.Civ.P. 12(b)(6). On July 19, 1994, Schwartz filed an amended complaint, in which he alleged that Meister had withheld exculpatory evidence from the grand jury, and that Meister incorrectly had stated that Schwartz had sought $5 million in damages based on breach of contract in his action against Capital. The exculpatory evidence consisted of a letter that Schwartz allegedly had mailed to Nordstrom, Inc. and a certified mail receipt for that letter. Schwartz also alleged that defendants-appellees Nordstrom and Nordstrom's attorney, Allen G. Reiter (the "private defendants") had conspired with the federal defendants to withhold the Nordstrom letter from the grand jury. Schwartz moved for the appointment of an independent counsel or for the court to compel Attorney General Janet Reno to appoint an independent counsel.
 
 
 3
 Schwartz' action was referred to a magistrate judge, who recommended that the federal defendants' motion to dismiss be granted and that Schwartz' motion for appointment of an independent counsel be denied. As to the private defendants, the magistrate judge construed Schwartz' amended complaint as a motion for leave to amend his complaint, and denied the motion. The magistrate judge found that the motion was barred by a sanctions order, issued in a prior proceeding, that precluded Schwartz from bringing an action against Nordstrom without court permission. Schwartz objected to the report and recommendation, arguing in part that he had a right to amend his complaint.
 
 
 4
 The district court rejected the magistrate judge's recommendation as to Schwartz' amended complaint, finding that the amended complaint should be considered because it had been filed before the issuance of the sanctions order and before defendants had filed a responsive pleading. However, the district court sua sponte dismissed the claims against the private defendants, finding, inter alia, that Schwartz' claims were frivolous. As to Schwartz' claims against the federal defendants, the district court adopted the magistrate's recommendation and dismissed Schwartz' claims. Finally, the district court also adopted the magistrate's recommendation to deny Schwartz' motion requesting the appointment of an independent counsel.
 
 
 5
 On appeal, Schwartz contends that his amended complaint set forth claims upon which relief can be granted. For the following reasons, we hold that Schwartz' contentions are without merit.
 
 
 6
 First, to any extent that Schwartz makes a claim against the federal defendants in their official capacity, it is well-settled that such a claim must be dismissed for lack of subject matter jurisdiction. See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir.1994). Moreover, while federal officials may be sued in their individual capacities, prosecutors are absolutely immune from damages suits concerning prosecutorial activity. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). In the present case, the district court properly found that the withholding of evidence is an activity that is undertaken in the course of a prosecution and therefore is protected by prosecutorial immunity. Moreover, any statements made by Meister concerning the amount of damages that Schwartz sought from Capital Liquidators are similarly protected.
 
 
 7
 Furthermore, we think that Schwartz' claims against the private defendants are frivolous. Even assuming that Schwartz could present a 42 U.S.C. § 1983 claim based on conspiracy between federal and private parties, Schwartz has not alleged any specific facts suggesting that a conspiracy existed. See Spear v. West Hartford, 954 F.2d 63, 68 (2d Cir.), cert. denied, 113 S.Ct. 66 (1992).
 
 
 8
 We also hold that the district court properly denied Schwartz' request to compel appointment of an independent counsel. Requests for appointment of an independent counsel may be made only by the Attorney General, and they must be made to a special division of the court established for considering such requests. See 28 U.S.C. §§ 592(c), 593; In re Kaminski, 960 F.2d 1062 (D.C.Cir.1992).
 
 
 9
 Finally, we decline at this time to impose the sanctions requested by the private defendants. At the time Schwartz filed the present action, the sanctions order had not been issued and Schwartz had not violated any order or rules by bringing the action or appealing the district court's decision. However, now that the sanctions order is in effect, we give fair warning to Schwartz that if he continues to abuse the judicial process by filing frivolous appeals, we will issue an injunction directing the Clerk of this court to refuse to accept for filing any submissions from him, unless he has first obtained leave of the Court to file such papers. See Saassower v. Sansverie, 885 F.2d 9, 11 (2d Cir.1989).