**Marzuq AL–HAKIM, also known as Marcus B. Harris, Appellant**

v.

**Barack OBAMA, President, et al., Appellees.**

**No. 15-5336
September Term, 2015**

United States Court of Appeals, District of Columbia Circuit.

Filed On: May 25, 2016

Marzuq Al–Hakim, Polk City, FL, Pro Se.

R. Craig Lawrence, U.S. Attorney's Office (USA), Civil Division, Washington, DC, for Defendants–Appellees.

BEFORE: Tatel and Brown, Circuit Judges; Ginsburg, Senior Circuit Judge

**JUDGMENT**

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, it is

**ORDERED AND ADJUDGED** that the district court's orders filed October 21, 2015, and November 18, 2015, be affirmed. To the extent appellant attempts to assert a claim under 18 U.S.C. § 242, there is no private right of action under § 242. *See* McCray v. Holder, 391 Fed.Appx. 887, 888, 2010 WL 3516578, *1 (D.C. Cir. 2010) (per curiam). To the extent appellant sought relief under 43 U.S.C. § 1983, the district court properly dismissed those claims because appellant lacks a judicially cognizable interest in the prosecution of another person. *See* In re Kaminski, 960 F.2d 1062, 1064 (D.C. Cir. 1992). The Executive Branch has absolute discretion to decide whether to conduct any investigation or prosecute any alleged offender, and such decisions are not subject to judicial review. *See* U.S. v. Nixon, 418 U.S. 683, 693, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.