**Bernard Makau KAYIJI, Appellant**

v.

**Muriel BOWSER, et al., Appellees**

**No. 17-7116**
**September Term, 2017**

United States Court of Appeals, District of Columbia Circuit.

Filed On: December 20, 2017

Bernard Makau Kayiji, Pro Se

Loren L. AliKhan, Deputy Solicitor General, Office of the Attorney General, District of Columbia, Office of the Solicitor General, Washington, DC, for Defendant-Appellee

BEFORE: Rogers, Srinivasan, and Wilkins, Circuit Judges

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order, filed June 5, 2017, be affirmed. Appellant does not challenge the dismissal of his claims against appellee Bowser for failure to state a claim, and, accordingly, any such challenge is deemed forfeited. See U.S. ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497

(D.C. Cir. 2004). Appellant's claims against appellee Miller are barred because they pertain to conduct within the scope of Miller's absolute immunity. See Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Further, appellant's claims under 42 U.S.C. § 1983 against appellees Miller, Oh, and Milochik fail because appellant "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." In re Kaminski, 960 F.2d 1062, 1064 (D.C. Cir. 1992) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973)). In addition, because appellant has failed to identify any constitutional rights that are deprived by the alleged violation of the District of Columbia Freedom of Information Act, appellant has also failed to state a cognizable § 1983 claim against appellee Archie-Mills.

Appellant did not make any allegations regarding appellee Bolling and, therefore, also failed to state a claim against her. To the extent appellant's allegations refer to the District of Columbia Department of Consumer and Regulatory Affairs, his pro se complaint may be liberally construed as naming the District of Columbia as the proper defendant. Appellant's allegations are nevertheless insufficient to plead a cause of action against the District of Columbia under § 1983. The decision to take a particular enforcement action is generally committed to an agency's absolute discretion. See Heckler v. Chaney, 470 U.S. 821, 831-32, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985). And insofar as appellant asserts a theory of supervisory liability for the first time on appeal, this court need not consider legal theories that were not raised at the district court level. See Earle v. District of Columbia, 707 F.3d 299, 308 (D.C. Cir. 2012).

Finally, the district court also properly declined to exercise supplemental jurisdiction over any remaining claims raised under District of Columbia law. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Shekoyan v. Sibley Int'l, 409 F.3d 414, 424 (D.C. Cir. 2005).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.