# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-5261**

**September Term, 2022**

**1:22-cv-02042-CKK**

**Filed On:** May 19, 2023

Thurman Jerome Brown,

      Appellant

    v.

United States Supreme Court, et al.,

      Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Millett and Wilkins, Circuit Judges, and Sentelle, Senior Circuit Judge

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion to appoint counsel, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, litigants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's orders filed on August 5, 2022 and November 30, 2022 be affirmed. The district court properly dismissed the complaint and case under Federal Rule of Civil Procedure 8(a). Appellant's complaint did not set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," which is required in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Jones v. Kirchner, 835 F.3d 74, 79 (D.C. Cir. 2016) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Additionally, the district court did not abuse its discretion in denying the motion for reconsideration. See Smalls v. United States, 471 F.3d 186, 191 (D.C. Cir. 2006). The district court correctly determined that it lacked jurisdiction to review decisions of the United States Supreme Court or to direct that Court to take any action. See In re

Marin, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam).  Furthermore, appellant has not shown that his conviction or sentence has been overturned, and thus he may not recover damages arising from his conviction or imprisonment.  See Heck v.Humphrey, 512 U.S. 477, 486-87 (1994); see also Chambers v. Burwell, 824 F.3d 141, 143 (D.C. Cir. 2016) (this court "may affirm the district court on any ground supported by the record").  Additionally, the district court correctly concluded that, to the extent appellant seeks to challenge the criminal prosecutions of others, he lacks standing to do so.  See In re Kaminski, 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                      **FOR THE COURT:**
                      Mark J. Langer, Clerk

BY:     /s/
                Daniel J. Reidy
                Deputy Clerk