United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 25-7208                          September Term, 2025

1:24-cv-01253-UNA

**Filed On:** May 28, 2026

Rifat Shafique,

      Appellant

    v.

Equity Residential Real Estate Investment
Trust,

      Appellee

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Henderson, Pillard, and Rao, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court
for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P.
34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders entered December
29, 2025, be affirmed. Even if this court were to consider the documents appellant
seeks to add to the record, those documents do not show any error in the appealed
orders. Nor do they support appellant's argument that the district court should have
recused, which is meritless in any event. See In re Kaminski, 960 F.2d 1062, 1065 n.3
(D.C. Cir. 1992) (per curiam) ("A judge should not recuse himself based upon
conclusory, unsupported or tenuous allegations."). Appellant's argument that she is
entitled to "nullification" of D.C. Superior Court eviction proceedings is barred by the law
of the case because this court already affirmed the district court's prior rejection of that
argument. See, e.g., LaShawn A. v. Barry, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en
banc) ("When there are multiple appeals taken in the course of a single piece of
litigation, law-of-the-case doctrine holds that decisions rendered on the first appeal
should not be revisited on later trips to the appellate court." (internal quotation marks
omitted)). Similarly, appellant's argument that the district court erred by not treating her
case as a removal action is barred by the law of the case because she could have
raised it in her prior appeal but failed to do so. Cf. Bahlul v. United States, 77 F.4th
918, 932 (D.C. Cir. 2023) (observing that, in a second appeal following a remand, this

court generally will not consider arguments that could have been raised in the first appeal).  Finally, appellant has shown no valid grounds for recusal of the members of this panel.  See In re Kaminski, 960 F.2d at 1065 n.3.  To the extent that appellant has raised additional arguments not specifically addressed in this judgment, those arguments lack merit.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk